## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

CHARLES WILLIAM PARKER,        )
             )
    Plaintiff,      )
             )
    v.         )  No. 08-4049-CV-C-SOW
             )
KEITH SCHAEFFER,      )
             )
    Defendant .    )

### REPORT, RECOMMENDATION AND ORDER

  Plaintiff Charles William Parker, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Plaintiff seeks relief from the Director of Mental Health, Keith Schaeffer.

  Plaintiff states he wants to get off his medicine and obtain an unconditional release from the custody and care of mental health. Plaintiff presumably is seeking relief under 42 U.S.C. § 1983.

  Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

  Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous,"

as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff's claims seeking immediate unconditional release from the mental health institution where he resides is a habeas issue and should be dismissed, without prejudice, for failure to state a claim. Duncan v. Walker, 533 U.S. 167, 177 (2001) (habeas corpus review may be available to challenge the legality of a state court order of civil commitment); see also Francois v. Henderson, 850 F.2d 231 (C.A.5 1988) (entertaining a challenge brought in a federal habeas petition under § 2254 to a state court's commitment of a person to a mental institution upon a verdict of not guilty by reason of insanity).

When a judgment in favor of a plaintiff would necessarily imply the invalidity of his confinement, the issue is one of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for illegal confinement, imprisonment, or other act that would "necessarily" render his conviction or sentence to confinement invalid, the prisoner must first prove that his sentence or confinement has been invalidated through appropriate channels. Heck, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence to confinement has been set aside.

To challenge his state conviction or sentence to confinement in federal court, plaintiff must petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review

the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases.  Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

Accordingly, plaintiff's claims seeking his unconditional release from the St. Joseph mental institution should be dismissed, without prejudice.  Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).  If plaintiff is able to invalidate his conviction or sentence to confinement, he may refile his section 1983 claims at that time.

As to plaintiff's request for discontinuance of his medications, the court takes judicial notice that plaintiff has a court-appointed guardian, and there remains ongoing state proceedings in such case, as recent as March 2008.  See Charles W. Parker, Ward, No. 05PR04980318 (5th Judicial Cir. of Mo., Buchanan Co.).  It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts.  See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943).  The court may abstain when there is a pending state court proceeding involving the same subject matter.  Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967); Annotation, Stay of Action in Federal Court until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1967).  This is also true when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE:  JURISDICTION 2d § 4247 (1988), such as state criminal, administrative and family law matters.  Ankenbrandt v. Richards, 504 U.S. 689 (1992).  See also Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); Ronwin v. Dunham, 818 F.2d 675 (8th Cir. 1987).  This is known as the abstention doctrine and is followed in the federal court system today.  See also Younger v. Harris, 401 U.S. 37, 46 (1971).

Based on the abstention doctrine, plaintiff's claims regarding his medications should be dismissed, without prejudice.  Plaintiff may seek relief in the ongoing state proceedings if he determines necessary.

On March 12, 2008, plaintiff filed a motion for appointment of counsel.  It is the practice of this court to provisionally file complaints with requests for leave to proceed in

3

Case 2:08-cv-04049-SOW   Document 6   Filed 03/18/08   Page 3 of 4

forma pauperis. If the plaintiff is not indigent, or the complaint is frivolous, malicious or fails to state a claim for relief, in forma pauperis status may be denied. It is also the practice of this court not to appoint counsel for plaintiffs until in forma pauperis status has been granted. Then, counsel is appointed only when, in the court's discretion, it is appropriate.

THEREFORE, IT IS ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [4] It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915, without prejudice, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 18th day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge